**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

STACEY A. JEFFRIES and
RANDALL A. JEFFRIES,

                Plaintiffs,

v.                              CIVIL ACTION NO.   2:21-cv-00635

BIOTE MEDICAL, LLC,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the *Plaintiffs' Motion to Remand* (Document 23), the *Plaintiffs' Memorandum of Law in Support of Motion to Remand* (Document 24), *BioTE Medical LLC's Memorandum in Opposition to Plaintiffs' Motion to Remand* (Document 36), and the *Plaintiffs' Reply to Defendant's Memorandum in Opposition to Plaintiffs' Motion to Remand* (Document 40). For the reasons stated herein, the Court finds that the motion to remand should be granted.

**FACTS AND PROCEDURAL HISTORY**

The Plaintiffs filed this action on September 2, 2021, in the Circuit Court of Kanawha County, West Virginia.   The initial *Complaint* (Document 1-3) asserted a negligence claim against Defendant BioTE Medical LLC, a Texas company, as well as a claim for loss of consortium.   The factual allegations describe hormone treatment administered by William Jarod Chapman, D.O., first at Living Well Medical Center, PLLC (LWMC) and later at The Facial Center (TFC), in accordance with training and protocols provided by BioTE.   The Plaintiffs alleges that the hormone replacement therapy led Ms. Jeffries to develop elevated hormone levels

1

and cancer.   They began complying with the pre-suit requirements of the West Virginia Medical Professional Liability Act (MPLA) as to Dr. Chapman, TFC, and LWMC around the same time they filed suit against BioTE.

BioTE removed the matter to federal court on December 6, 2021.   The Plaintiffs had not yet served BioTE.   BioTE filed a motion to dismiss on December 27, 2021.   On January 10, 2022, having fulfilled the MPLA requirements, the Plaintiffs filed an *Amended Complaint* (Document 7), which added Dr. Chapman, LWMC, and Drs. Krajekian, Brock, Henderson, Di Prisco, and Revelo, Inc., d/b/a The Facial Center (TFC), as Defendants.   The amended complaint includes more detailed factual allegations and alleges the following causes of action: Negligence, as to BioTE; Failure to Warn, as to BioTE; Strict Products Liability, as to BioTE; Medical Negligence, as to Dr. Chapman, LWMC, and TFC; and Loss of Consortium, as to all Defendants.   Dr. Chapman, LWMC, and TFC are West Virginia residents, as are the Plaintiffs.

## STANDARD OF REVIEW

An action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction.   28 U.S.C. § 1441(a).[1]   This Court has original jurisdiction of all civil actions between citizens of different states or between citizens of a state and citizens or subjects of a foreign state where the amount in controversy exceeds the sum or

---

1    Section 1441 states in pertinent part:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

value of $75,000, exclusive of interests and costs.   28 U.S.C. § 1332(a)(1)-(2).   Generally, every defendant must be a citizen of a state different from every plaintiff for complete diversity to exist. Diversity of citizenship must be established at the time of removal.   *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).

Section 1446 provides the procedure by which a defendant may remove a case to a district court under Section 1441.   Section 1446 requires that "[a] defendant or defendants desiring to remove any civil action from a State court shall file . . . a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal."   28 U.S.C. § 1446(a).   Additionally, Section 1446 requires a defendant to file a notice of removal within thirty days after receipt of the initial pleading.   It is a long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter.   *Strawn et al. v. AT &T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted).

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."   28 U.S.C. § 1447(e).   "These are the only two options for a district court faced with a post-removal attempt to join a nondiverse defendant; the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case."   *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999) (noting that even where the rules would otherwise allow a plaintiff to amend without court approval, courts may reject the

3

amendment and joinder under §1447(e)).   "Under Section 1447(e), the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court."   *Id.*   Factors to consider in determining whether joinder of non-diverse parties should be permitted include: "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities."   *Id.* (quoting *Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 414 (S.D.W. Va. 1998) (Haden, C.J.)).   If a defendant can prove that the non-diverse defendants were fraudulently joined, "that fact should be a factor—and perhaps the dispositive factor—that the court considers in deciding whether a plaintiff may join a nondiverse defendant."   *Id.* at 463. "The district court, with input from the parties, should balance the equities in deciding whether the plaintiff should be permitted to join a nondiverse defendant."   *Id.*

## DISCUSSION

The Plaintiffs explain that the original complaint named only BioTE as a defendant because suit had to be filed before expiration of the statute of limitations, while the anticipated claims against the in-state medical providers were tolled during the MPLA process.   They indicate that their intent was to delay service on BioTE until satisfying the MPLA requirements, then amend the complaint to add the in-state parties and proceed to litigate the claims in one proceeding in state court.   The Plaintiffs argue that permitting joinder and remanding the case is the only way to ensure that the litigation proceeds against all parties in the same forum with consistent, unified results.   They further note that a related case involving similar claims was consolidated and is pending before Judge Joanna Tabit in the Circuit Court of Kanawha County.

4

BioTE argues that the "Plaintiffs' admission that they intentionally hid the existence of their lawsuit against BioTE and delayed service to avoid removal confirms that the amendment is primarily for the purposes of defeating jurisdiction."  (Def.'s Resp. at 2.)   It further argues that the Plaintiffs could have completed the MPLA process earlier and filed a single suit against all Defendants.   In addition, it contends that the Plaintiffs could have filed the amended complaint weeks earlier.   BioTE argues that complete relief could be afforded if the claims against Dr. Chapman, TFC, and LWMC proceed in state court while the instant case proceeds in federal court. It argues that the expense and delay that would result from remand would be prejudicial.

There is no dispute that BioTE and the Plaintiffs are diverse, and that Dr. Chapman, TFC and the LWMC are not.   Thus, the sole issue is whether joinder of the in-state Defendants, which would require remand, should be permitted.

The Court finds that the Plaintiffs should be permitted to join Dr. Chapman, TFC, and LWMC as Defendants.   Although BioTE is correct that the Plaintiffs could have avoided this situation by beginning the MPLA process earlier, rather than waiting until the statute of limitations had nearly expired, nothing in the Plaintiffs' actions suggests improper efforts to avoid federal jurisdiction.   The original complaint sets forth the factual allegations, including those involving Dr. Chapman, TFC, and the LWMC, putting the Defendant on notice that they could be joined as parties.   The Plaintiffs clearly intended to bring suit against all parties.   Their delay in naming Dr. Chapman, TFC, and the LWMC is attributable to state pre-suit procedural requirements applicable to medical professionals, not jurisdictional gamesmanship.   The effort to delay service on BioTE until the in-state parties could be joined and removal would not be permitted was

designed to avoid precisely the expense and delay that results from jurisdictional disputes and changes in forum during litigation that BioTE cites as prejudicial.

The Plaintiffs have alleged that Dr. Chapman, TFC, and LWMC, using BioTE's products and guidance, harmed them.   Litigating those claims, involving a single set of facts and damages, in a single forum will be a more efficient use of judicial resources and the parties' resources.   It will avoid the risk of inconsistent rulings.   Given the existence of a similar claim already pending in state court, there is an increased risk of inconsistency.   It remains early in the litigation process, and the briefing on the motion to dismiss may be largely repurposed should BioTE continue to seek dismissal following remand.   This Court lacks jurisdiction over the claims as to Dr. Chapman, TFC, and LWMC.   Thus, the Court finds that the applicable factors and equitable considerations favor joinder and remand, and the Plaintiffs' motion should be granted.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiffs' Motion to Remand* (Document 23) be **GRANTED** and that Dr. Chapman, TFC, and LWMC be joined as Defendants. The Court further **ORDERS** that this case be **REMANDED** to the Circuit Court of Kanawha County, West Virginia, for further proceedings.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Clerk of the Circuit Court of Kanawha County, West Virginia, to counsel of record, and to any unrepresented party.

ENTER:         March 25, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

6